# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH FRICKE,

              Petitioner,      :      Case No. 3:18-cv-198

  - vs -                              District Judge Walter H. Rice
                                         Magistrate Judge Michael R. Merz

TIMOTHY BUCHANAN, Warden,
  Noble Correctional Institution

                                    :

            Respondent.

## ORDER WITHDRAWING REPORT AND RECOMMENDATIONS AND REQUIRING RESPONDENT TO ANSWER

On June 7, 2018, upon initial review of the Petition in this habeas corpus action, the Magistrate Judge found the Petition was barred by the statute of limitations and recommended that it be dismissed (Report, ECF No. 5). Petitioner was notified that he could filed objections to that Report and has now done so in the form of a letter to the Court, docketed at ECF No. 7. In the letter he claims that he is actually innocent and that in part his delay was caused by inaccurate information from a deputy clerk of the Supreme Court of Ohio.

Having reviewed the Petition in light of the claims in Petitioner's letter, the Magistrate Judge concludes this case cannot properly be disposed of pursuant to Rule 4. Accordingly, the Report (ECF No. 5) is WITHDRAWN and the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. It is hereby ORDERED that Respondent shall, not later than September 1, 2018, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases.

1

Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer. In his letter, Petitioner refers to many facts that do not or may not appear in the record. In filing his Reply, Petitioner must note the places in the record filed by the Attorney General where facts he relies on appear. If there are facts outside that record on which he relies, he may file a motion to expand the record. Petitioner is cautioned, however, that the Court is severely limited as to what it can consider that was not before the state courts.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

June 26, 2018.

s/ *Michael R. Merz*  
United States Magistrate Judge