# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

JOSEPH FRICKE,

        Petitioner,        :    Case No. 3:18-cv-198

    - vs -                  District Judge Walter H. Rice
                               Magistrate Judge Michael R. Merz

TIMOTHY BUCHANAN, Warden,
  Noble Correctional Institution
                            :

        Respondent.

---

# SUBSTITUTED REPORT AND RECOMMENDATIONS

---

This is a habeas corpus action under 28 U.S.C. § 2254, brought *pro se* by Petitioner Joseph Fricke. Petitioner seeks relief from his conviction in Case No. 2011-CR-3041 in the Montgomery County Common Pleas Court.

On initial review under Rule 4 of the Habeas Corpus Rules, the Magistrate Judge recommended the Petition be dismissed as untimely filed (ECF No. 5). Instead of objecting, Petitioner sent a four-page letter explaining why he had been late filing in the Ohio Supreme Court and promising "to be very prompt from here on out." (ECF No. 7, PageID 93). Based on that letter, the Magistrate Judge withdrew the Report and ordered Respondent to file and answer and the state court record which Respondent did on October 1, 2018 (ECF Nos. 12, 13).

At the same time, the Magistrate Judge provided that Petitioner could file a reply to the Return of Writ no later than twenty-one days after it was filed. That time expired on October 22, 2018, and Petitioner has neither filed a reply nor sought an extension of time to do so.

1

**Procedural History**

Petitioner was indicted February 17, 2012, on one count of rape in violation of Ohio Revised Code § 2907.02(A)(1)(a), one count of rape in violation of Ohio Revised Code § 2907.02(A)(1)(c), one count of contaminating a substance for human consumption in violation of Ohio Revised Code § 2927.24(B), and one count of possession of criminal tools in violation of Ohio Revised Code § 2923.24(A). He was convicted on all counts by a jury on February 19, 2014. The trial court merged all of the convictions under Ohio Revised Code § 2941.25 and sentenced Petitioner accordingly.

With the assistance of counsel, Petitioner appealed raising five assignments of error:

> 1). Appellant's motion to suppress was improperly overruled because his statements were obtained during a custodial interrogaton [sic] without being afforded *Miranda* warnings.
>
> 2) Appellant's motion to suppress was improperly overruled because the affidavit for the search warrant lacked probable cause.
>
> 3) Appellant's convictions were based upon insufficient evidence presented at trial.
>
> 4) Appellant's convictions were against the manifest weight of the evidence.
>
> 5) The trial court abused its discretion by overruling Appellant's motion for a new trial.

(Petition, ECF No. 4, PageID 48-49.) The State of Ohio cross-appealed, claiming the rape and contaminating a substance for human consumption convictions should not have been merged under Ohio Revised Code § 2941.25.

The Second District Court of Appeals overruled all of Fricke's assignments of error, but

upheld that raised by the State and remanded for re-sentencing. *State v. Fricke*, Case No. 26126, 2016-Ohio-2747, 64 N.E.3d 300 (Apr. 29, 2016). He was thereafter conveyed to the Montgomery County Common Pleas Court and re-sentenced on May 23, 2016. No appeal was ever taken from that termination entry. Thus the conviction became final thirty days later when the time for appeal expired. The one-year statute of limitations began to run that day and expired a year later on June 22, 2017. On March 5, 2018, Fricke filed a motion for delayed direct appeal in the Ohio Supreme Court in its Case No. 2018-0333. The court denied the motion on April 25, 2018, by its usual form entry (copy at ECF No. 4, PageID 59). Petitioner signed the present habeas Petition on May 30, 2018 (ECF No. 4, PageID 58) and presumably deposited it with the prison authorities on that date, which therefore is deemed to be the date of filing. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

# Analysis

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As noted above, Fricke's conviction became final June 25, 2016, thirty days after he was re-sentenced. The statute of limitations began to run on that date and expired on June 26, 2017. Therefore the Petition is barred by the statute of limitations unless Fricke can excuse his delay.

Fricke claims that he did not learn of the April 29, 2016, decision of the Second District until January 5, 2018, when his mother "decided to put her son first instead of drugs" and called the Clerk of Courts to retrieve a copy of the April 29, 2016, decision. He asserts his lawyer did not tell him about the decision and the Second District's decision does not require a copy to be served on him personally.

Petitioner's factual claims are not credible to this Court. He certainly knew in May 2016 that he was being re-sentenced in Common Pleas Court. In the exercise of due diligence, he should have asked his attorney what he was doing back in front of the trial court when the case had been appealed. He does not claim he instructed his trial attorney to appeal from the re-sentencing. Nor do his mother's drug problems, whatever they may be, excuse his lack of diligence.

In his letter to the Court after the initial Report and Recommendations, he claimed he has ADHD and blamed his failure to timely appeal to the Ohio Supreme Court on bad advice given to his mother by someone named "Carrie," supposedly a clerk with that court. This Report is not

based on any evaluation of Petitioner's delay in appealing to the Ohio Supreme Court.


**Conclusion**


Because the Petition was filed almost a year after the statute of limitations expired, it should be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


November 1, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).