# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOSEPH FRICKE,

               Petitioner,      :      Case No. 3:18-cv-198

  - vs -                              District Judge Walter H. Rice
                                        Magistrate Judge Michael R. Merz

TIMOTHY BUCHANAN, Warden,
  Noble Correctional Institution

                                    :

               Respondent.

---

# REPORT AND RECOMMENDATIONS ON RECOMMITTAL; DECISION AND ORDER STRIKING RENEWED NOTICE OF DISMISSAL AND GRANTING EXTENSION OF TIME TO OBJECT

---

      This habeas corpus case is pending on the Magistrate Judge's Substituted Report and Recommendations recommending the case be dismissed as untimely filed (ECF No. 14). That Report was filed November 2, 2018, and contains a Notice that objections are due not later than seventeen days later[1] or November 19, 2018. *Id.* at PageID 1604. Denying Petitioner's Motion for Appointment of Counsel, the Magistrate Judge *sua sponte* extended the objection time to December 4, 2018 (ECF No. 16)[2].

      Petitioner filed the case *pro se* and remained in that status until Attorney Kevin Donahue entered his appearance for Petitioner on November 26, 2018 (ECF No. 17) and simultaneously filed a Notice of Voluntary Dismissal (ECF No. 18). The Magistrate Judge struck that Notice

---

[1] Because he was served by mail, Petitioner was entitled to an automatic three-day extension of time under Fed. R. Civ. P. 6(d) beyond the fourteen0day objection period provided in Fed. R. Civ. P. 72.
[2] Petitioner's Objections correctly note the revised date and the Magistrate Judge's error in stating the date objections were due (ECF No. 20, PageID 1615).

1

(ECF No. 19), Petitioner has objected (ECF No. 21), and District Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 22). Petitioner has, in conjunction with his Objections, also filed what he styles as a "Renewed Notice of Voluntary Dismissal" (ECF No. 20).

Petitioner states "[t]he State of Ohio Rule for Voluntary dismissals and the Federal rule are slightly different." (ECF No. 20, PageID 1615). Actually, on close examination, they are quite different. With respect to voluntary dismissals without court permission or stipulation, the federal rule is virtually unchanged since its adoption in 1938. At common law a party could dismiss entirely on its own initiative until a verdict was returned. Because of the extensive and new provisions for discovery provided in the Civil Rules, the drafters believed it was unfair to continue that practice and set a deadline for dismissal by notice of the time when the opposing party answered. In 1946 the rule was amended to have the filing of a pre-answer summary judgment motion bar dismissal by notice. See Advisory Committee Notes to 1946 Amendment.

Ohio substantially adopted the Federal Rules of Civil Procedure in 1970, but retained a notice by dismissal deadline far closer to the common law. Notice dismissal was set at "commencement of trial," far later in a case than the federal rule. Despite efforts by the defense bar and Ohio trial judges to set an earlier deadline, the Ohio Supreme Court has declined to do so. In this respect Ohio R. Civ. 41(A)(1) remains as it was adopted IN 1970

There is no question that if this case were pending in an Ohio trial court, Petitioner's Notices of Dismissal would be effective. But the Federal Rules of Civil Procedure govern this proceeding rather than Ohio procedural law. Compare *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), with *Sibbach v. Wilson*, 312 U.S. 1, 14 (1940).

Because Respondent has, on the Court's Order, filed an answer in the case, Fed. R. Civ. P.

41(a)(1)(A) quite literally precludes dismissal by notice. Therefore the Magistrate Judge was not in error in striking Petitioner's first Notice of Dismissal and on the same authority STRIKE his Renewed Notice.

The pending Substituted Report and Recommendations recommends dismissal with prejudice because the Petition was untimely filed. However, the Court has no considerable investment in that position. Respondent's counsel has not yet responded to the request for a stipulated dismissal, but the Court would be prepared to entertain a motion from Petitioner for dismissal without prejudice, since the Court perceives no prejudice to Respondent from such a dismissal: Respondent has already prepared and filed the State Court Record. Because, at least as the Magistrate Judge now sees it, the Petition was untimely filed, Petitioner will not achieve any benefit from the dismissal unless he obtains a new state court judgment that re-sets the statute of limitations. Thus any new petition filed later would still be barred by failure to file within the statute. Moreover, having filed once and been unsuccessful, Petitioner would have to surmount the second or successive hurdle provided by 28 U.S.C. § 2244. However, if that is the manner in which Petitioner, with the advice of counsel, wishes to proceed, the Magistrate Judge believes he should be permitted to do so, absent any significant objection by Respondent.

On the other hand, should Petitioner decide to proceed with the case presently filed, the Magistrate Judge GRANTS his request for an extension of time to file objections to and including December 17, 2018.

November 30, 2018.

                                                                           s/ *Michael R. Merz*
                                                                  United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).